UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

QUEEN CHARLOTTE FRANKLIN,

    Plaintiff,

    v.

GLENWOOD BEHAVIOR HOSPITAL, et al.,

    Defendants.

Case No. 1:25-cv-44

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On January 31, 2025, Plaintiff Queen Charlotte Franklin moved for leave to file the above-captioned complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1).

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As a result, the complaint is now before the Court for a sua sponte review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.

*Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Although a plaintiff's pro se complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual

allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

## II. Analysis of Complaint

The Court takes judicial notice of the fact that, pursuant to the Court's initial screening authority, this Court has dismissed at least three complaints filed by the same Plaintiff.[1] *See e.g., Franklin v. U.C. Drake Hospital*, No. 1:24-cv-611-JPH-KLL (appeal pending); *Franklin v. Dieffenbach*, No. 1:24-cv-524-JPH-SKB (appeal dismissed 1/10/25).; *Franklin-Samuels v. Soc. Sec. Admin.*, et al., No. 1:22-cv-775-MWM-KLL. Recently, Plaintiff appears to be increasing her pace of litigation. For example, on the same date that she initiated the above-captioned case, Plaintiff initiated two more cases that have yet to be screened. *See Franklin-Samuels v. Trump*, No. 1:25-cv-41-DRC-SKB and *Franklin v. U.S.A. Immigration*, No. 1:25-cv-42-DRC-KLL. The following business day, the same Plaintiff initiated *Franklin v. McDonald's*, No. 1:25-cv-51-JPH-SKB.

Standing alone, the sua sponte dismissal of two cases two months ago under 28 U.S.C. § 1915(e)(2)(B), plus a third case three years ago, would not necessarily warrant the imposition of new pre-filing sanctions. But the initiation and recommended dismissal of the above-captioned third case in as many months brings the issue closer to bear. Without prejudging any of the additional three cases filed by Plaintiff that have yet to be

---

[1]The same individual has filed cases under two separate names: (1) Charlott L. Franklin-Samuels; and (2) Queen Charlotte L. Franklin. Consistent with that practice, Plaintiff's application to proceed *in forma pauperis* in this case lists her name as "Queen Charlotte Franklin" but the attached complaint form identifies her as "Charlotte L. Franklin-Samuels." (Compare Doc. 1, PageID 1 with Doc. 1-1, PageID 4),

3

screened, the undersigned notes that a court may impose pre-filing restrictions if a litigant repeatedly files lawsuits that are subject to sua sponte dismissal. *See*, *e.g*., *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation.").

In the instant case, Plaintiff's motion to proceed *in forma pauperis* indicates that she receives $1,783.60 in retirement income on a monthly basis, has $500 in cash or savings, and owes a single creditor only $300 with no other debts. (Doc. 1, PageID 2-3). Given that report and evidence that she paid a $605 filing fee in another case on the same day that she initiated this lawsuit, it is unclear whether Plaintiff actually qualifies to proceed i*n forma pauperis*.[2] But absent further information, the undersigned has conditionally granted Plaintiff's application to proceed without payment of a filing fee.

Still, under the referenced screening standards, the undersigned recommends that Plaintiff's lawsuit be dismissed for failure to state any plausible claim. Plaintiff. has tendered her complaint on the complaint form often used by pro se litigants. However, she has left most portions of the form blank, including a section asking her to identify the basis for subject matter jurisdiction, a "Statement of Claim" section, a "Previous lawsuits" section, and the "Relief" section. (Doc. 1-1, PageID 5-7). The complaint form is unsigned and undated, in violation of Rule 11, Fed. R. Civ. P. In short, the entirety of the complaint consists of Plaintiff's identity of herself as Plaintiff and a list of five Defendants, including four hospitals and an entity identified as "U.C. Ridgeway Tower."

---

[2]On the same day she filed the above-captioned lawsuit and two additional lawsuits in this Court, seeking to proceed *in forma pauperis*, Plaintiff paid an appellate filing fee of $605 in order to pursue her appeal of this Court's dismissal of Case No. 1:24-cv-611-JPH-KLL.(Id., Doc. 15).

Plaintiff's complaint form fails to contain sufficient factual detail under the basic pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, Plaintiff fails to provide any basis for the subject matter jurisdiction of this Court. Therefore, the complaint should be dismissed both for lack of subject matter jurisdiction and for failure to state a claim under 28 U.S.C. §§1915(e)(2)(B)(ii) and 1915A(b)(1)).

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** all claims contained in Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §1915(e)(2)(B).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

QUEEN CHARLOTTE FRANKLIN,

    Plaintiff,

    v.

GLENWOOD BEHAVIOR HOSPITAL, et al.,

    Defendants.

Case No. 1:25-cv-44

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).