**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CHARLOTTE FRANKLIN,  Plaintiff,  v.  GLENWOOD BEHAVIOR HOSPITAL, et al.,  Defendant. | Case No. 1:25-CV-44  Judge Michael R. Barrett  **ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") issued by the Magistrate Judge on February 5, 2025. (Doc. 4). Proper notice has been afforded to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties may forfeit rights on appeal if they failed to file objections to the R&R in a timely manner. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Plaintiff Charlotte Franklin has filed what she terms an objection, (Doc. 6), but for the following reason the Court will overrule her objection and adopt the R&R in full.

I. **BACKGROUND**

The underlying complaint in this case is both sparse and difficult to understand. In the unsigned and undated document, Franklin named as Defendants Glenwood Behavior Hospital, Summit Behavior Hospital, Blue Ridge Vista Hospital, Beckett Springs Hospital, and U.C. Ridgeway Towers Hospital, (Doc. 3, PageID 25), but failed to put forth a statement of her claims. In the civil cover sheet—which the Court notes is dated July 2, 2024, and signed Charlotte L. Franklin-Samuels—Franklin describes the cause of action

1

as "attempt to killed and held hostage," and marks several seemingly unrelated codes to describe the nature of her suit. (*Id.*, PageID 29).

Upon screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge took judicial notice of the fact that the Court has dismissed several of Franklin's prior complaints as frivolous, but she "appears to be increasing her pace of litigation." (Doc. 4, PageID 32). Based upon Franklin's failure to meet basic pleading standards, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), or provide any basis for subject matter jurisdiction, the Magistrate Judge recommended dismissal for lack of subject matter jurisdiction and failure to state a claim, under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II. <u>LEGAL STANDARDS</u>

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are

'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

## III. ANALYSIS

In a single-page filing, Franklin appears to object to the R&R. However, her objection is both incomprehensible and nearly indecipherable. From what the Court can discern, Franklin believes that her life has been threatened by individuals "practic[ing] black magic. (Doc. 6, PageID 38). But Franklin fails completely to address the Magistrate Judge's legal reasoning or meaningfully challenge the recommendation of dismissal. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

## IV. CONCLUSION

Accordingly, the Court **OVERRULES** Franklin's objection, (Doc. 6), and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R, (Doc. 4), in full. Furthermore, in consideration of Franklin's record of litigation and the Magistrate Judge's memorandum order in *Franklin v. J.C. Battle Funeral Home*, No., 1:25-cv-52, Doc. 7, Franklin is **FORMALLY WARNED** that further frivolous filings may result in her being declared a vexatious litigant subject to prefiling restrictions or sanctions. Finally, the Court **CERTIFIES** that an appeal of this order would not be taken in good faith and **DENIES** leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a).

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                                Michael R. Barrett
                                                United States District Judge